UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
MARK JAMES RYAN,

                Plaintiff,

   -against-                        **MEMORANDUM AND ORDER**
                                                    Case No. 20-CV-4156-FB
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-------------------------------------------------x

*Appearances:*
For the Plaintiff:                                 *For the Defendant:*
CHARLES E. BINDER                  ANNE M. ZEIGLER
Law Office of Charles E. Binder and   Special Assistant U.S. Attorney
Harry J. Binder, LLP                  Eastern District of New York
485 Madison Avenue, Suite 501       271 Cadman Plaza East
New York, New York 10022           Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Following a remand from this Court, Mark James Ryan received an award of past-due disability benefits. His counsel, Charles E. Binder, now seeks approval of an award of $6,906.97 in attorney's fees.

      42 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is at or below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or

attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

The proposed fee award here is approximately 10% of Harrison's past-due benefits.[1] There is no suspicion of fraud or overreach.

To assess the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See Fields v, Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022). Having considered those guidelines, the Court finds that the requested award does not constitute a windfall.

Accordingly, the Court approves Binder's requested award. The Commissioner is directed to disburse $6,906.97 of Harrison's past-due benefits to

---

[1] The Social Security Administration's award letter inexplicably does not state the total amount of past-due benefits. Such letters generally at least state the "payment" the claimant can expect, but the letter in this case states that such payment is being withheld pending a determination of whether Ryan has received any Supplement Security Income ("SSI") benefits. The letter does state, however, how Ryan's disability benefits were calculated and, in response to the Court's order to show cause, Binder has helpfully performed those calculations, which result in total past-due benefits of $67,628. Twenty-five percent of that total would be $16,907.

Binder and the balance (less any reduction for SSI benefits) to Ryan. Upon receipt, Binder shall remit to Ryan the $704.88 he previously received under the Equal Access to Justice Act ("EAJA"). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [§ 406(b) and the EAJA], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks omitted)).

    SO ORDERED.

                                              /S/ Frederic Block_____
                                            FREDERIC BLOCK
                                            Senior United States District Judge

Brooklyn, New York
November 6, 2023